UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TANYA ENGLISH,** | ) |
| **Petitioner,** | ) ) ) |
| **v.** | ) Case No.: 7:22-cv-1276-AMM-JHE |
| **WARDEN NEELY,** | ) ) ) |
| **Respondent.** | ) |

## **MEMORANDUM OPINION**

Petitioner Tanya English filed a *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 3. On May 22, 2023, the magistrate judge entered a report recommending that the court grant the respondent's motion for summary dismissal and dismiss the claims in the amended petition with prejudice. Doc. 12.

On February 9, 2023, Ms. English informed the court that she had been transferred from FCI-Aliceville in Aliceville, Alabama, to FPC-Alderson in Alderson, West Virginia. Doc. 10 at 1–2. The report and recommendation, mailed to Ms. English at FPC-Alderson, was returned by the Postal Service as undeliverable. Doc. 14. Although a review of the Bureau of Prisons website indicates Ms. English has been transferred to a Residential Reentry facility in Montgomery, Alabama, Ms. English has failed to notify the court of her current address. On June

20, 2023, the court directed the Clerk of Court to mail the report and recommendation to Ms. English at the Residential Reentry Office in Montgomery and allowed her fourteen days to file objections to the report and recommendation. Doc. 15. More than fourteen days have elapsed, and the court has not received objections from Ms. English, or any other response from her.

After careful consideration of the record in this case and the magistrate judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation.[1] Consistent with that recommendation, the respondent's motion for summary dismissal is **GRANTED** and the claims in the amended petition, Doc. 3, are **DISMISSED WITH PREJUDICE**.

A Final Judgment will be entered.

---

[1] There appears to be a scriveners error in the Report and Recommendation. In referencing Ms. English's administrative remedy requests, the magistrate judge found that Ms. English "submitted an informal complaint to staff (doc. 3 at 11); a request for administrative remedy to the warden (doc. 3 at 13); and appealed the warden's decision to the Regional Director (doc. 3 at 12)." Doc. 12 at 7. The court notes that the record reflects administrative remedy processes regarding two separate issues: (1) Ms. English requested that the incident report be expunged, in which process Ms. English submitted an administrative remedy to the warden (Doc. 5-1 at 9) and appealed the warden's decision to the Regional Director (Doc. 5-1 at 9; Doc. 3 at 12); and (2) Ms. English requested relief under the CARES Act, in which process Ms. English submitted an informal complaint (Doc. 3 at 11) and an administrative remedy to the warden (Doc. 5-1 at 10; Doc. 3 at 13). The court further notes that the record does not indicate that Ms. English submitted appeals regarding either issue to the Office of General Counsel. *See* Docs. 3, 5-1, 8. Accordingly, the magistrate judge's conclusion that she did not exhaust her administrative remedies is correct.

**DONE** and **ORDERED** this 20th day of July, 2023.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE